RECEIVED
JAN 10 2017
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

IN THE UNITED STATES DISTRICT COURT
FOR MINNESOTA

JOHN WESTLEY
    Plaintiff,

vs.

CASE No.-- 16 cv 103 MJD/BRT
JURY TRIAL DEMANDED
Removed Court File Case #-27-TR-CV-16-89

HENNEPIN COUNTY-4th DISTRICT COURT, et al
GEORGE F. BORER, et al
JUSTIN H. JENKINS, et al
WINTHROP & WEINSTINE, et al
E. BURKE HINDS, et al
INRELEX LAW GROUP, et al
FINANCE & COMMERCE INC., et al
RICHARD D. SLETTON, et al
THRIFTY WHITE PHARMACY, et al
    Defendants,
_____ )

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

    Plaintiff herein, with private United States citizen standing, files this action seeking trial by Jury and open court hearings for violations of Federal laws and Constitutional protections as a named trustee and beneficiary to the assets and matters at issue in this Complaint and Request for Injunctive Relief. At issue in this action is the immoral unlawful acts perpetrated against Plaintiff's 89 year old Mother's personal assets, private dignity and civil right freedoms by Defendants and their co-conspirators by illegal means in violation of Federal statutes, the laws of nature and standards of human decency.

    Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Respondent(herein known as Plaintiff) John Westley removed this underlying action from the Hennepin County Minnesota Fourth District Court to the United States District Court for Minnesota(#-27-TR-CV-16-89 Doc.ID#13&15-Exhibits Attached).

    Removal was based on USDC jurisdiction due to disputed federal questions, multiple state diversity grounds, Constitutional civil rights issues and precedential Federal Court related cases that appear in the causes of action of the initial pleading filed by Petitioners Hultman and Olsen. As declared in the notice, grounds for removal and previous filings Plaintiff states in this Complaint and Request for Injunctive Relief as follows:

SCANNED
JAN 10 2017
U.S DISTRICT COURT ST. PAUL

## PARTIES

PLAINTIFF:

JOHN WESTLEY
P.O. Box 346
Panama City FL 32402

DEFENDANTS:

HENNEPIN COUNTY-4th DISTRICT COURT, et al
300 South 6th St
Minneapolis, MN 55487

GEORGE F. BORER, et al
300 SOUTH SIXTH STREET C-400
MINNEAPOLIS, MN 554870340

FINANCE & COMMERCE INC., et al
222 South 9th Street-Suite 2300
Minneapolis, MN 55402

THRIFTY WHITE PHARMACY, et al
6055 Nathan Lane N-Suite 200
Plymouth, MN 55442

WINTHROP & WEINSTINE, et al
225 S 6th St. #3500
Mpls., MN 55402-4629

JUSTIN H. JENKINS, et al
225 S 6th St. #3500
Mpls. MN 55402-4629

E. BURKE HINDS
708 Cleveland Ave. SW, Suite 103
New Brighton, MN 55112

INRELEX LAW GROUP, et al
708 Cleveland Ave. SW, Suite 103
New Brighton, MN 55112

RICHARD D. SLETTEN, et al
300 S 4th St #600
Minneapolis, MN 55415

2

## FEDERAL JURISDICTION & VENUE

The removed underlying action alleges claims against the Plaintiff that are governed under the Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA, STARK law, Medicare Act, Anti-Kickback Act and the Whistleblowers Protection Act. Defendant's actions attempted to deny Plaintiff Constitutional Civil Rights due process protections and Freedoms of Speech and Freedoms to Associate with Federal law enforcement. Therefore, federal question jurisdiction exists over Plaintiff's claims and relief requests under 28 U.S.C. § 1331 because the resolution of stated claims will require adjudication of disputed questions of Federal laws and Constitutionally protected civil rights.

To the extent the lower court action alleges statutory, state common law or other non-federal claims, this Court maintains supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 due to those claims arising out of the same operative facts as claims governed under Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA STARK laws, Medicare Act, and Anti KickBack/Whistleblowers Protection Acts and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Since the removal notice filings, Defendants have further colluded and conspired to deny Plaintiff Constitutionally protected due process to access Federal Courts for timely relief and restitution from civil rights violations.

Because Plaintiffs' claims involve the governing laws of the United States, removal of this entire cause of action is appropriately required under 28 U.S.C. § 1441(a)-(c) and the Federal Courts Jurisdiction and Venue Clarification Act.

Irreparable injuries regarding assets and federal claims in question exceed $75,000 which requires determination by a required United States District Court Jury demanded as a matter of Constitutional due process justice civil right. Venue is proper as the majority of parties and assets in question are based within jurisdiction of this Federal District.

## PRECEDENTIAL MULTI-CASE DIVERSITY

On July 15th, 2016, well prior to the removed court case filing, Plaintiff filed a civil USDC whistleblower action in the Northern District of Florida (Case # 5:16-CV-206) regarding subject matter banking fraud by BOA involving Petitioner Olsen's employer Coldwell Banker.

3

Plaintiff has previously cooperated with Federal law enforcement against the treasonous ethical acts of officers of this Court regarding public corruption matters involving USDC cases alleged in the underlying petition. As such, this precedential multiple diversity higher court jurisdiction supersedes any lower court standing regarding disputed causes of action at issue governed by Federal laws, codes, and statutes. Removal was required under separate independent grounds for subject-matter jurisdiction regarding diversity and disputed Federal questions at issue.

The publicly corrupt civil rights due process violations of the clerk and officers of this Court regarding the improper docketing of the removal notices are outlined in the Complaint and requests for Injunctive Relief.

## BACKGROUND

1. This removed case was originally filed by in Hennepin County Minnesota Fourth District Court, on August 30th, 2016. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by the Plaintiff were provided to this Court with the Notices of Removal filed on 10/11/16.

2. In their filed pleadings, Petitioners, Defendants Jenkins and Winthrop Weinstine allege that Plaintiff has been uncooperative due to communicating and associating with Department of Justice(DOJ) investigators, Security and Exchange Commission(SEC File #005507928) regulators, the Federal Bureau of Investigation(FBI) and the United States Attorney Office(USAGO) regarding reported fraudulent acts by BOA, Merrill Lynch, Hultman and court officers. According to the Petition filings, Plaintiff's protected civic duty cooperation with Federal law enforcement breached agreements, disrupted, and interfered with unlawful acts that Petitioners conducted for personal financial illicit gain. For the record, the USDC case citations in the petition involved convicted felons as lead defendants and disbarred court officers from Federal criminal actions in which Plaintiff provided whistleblower cooperation as an injured witness.

3. With their filed allegations citing other ongoing USDC civil cases and whistleblower criminal actions involving publically corrupt, convicted felonious governmental employees and disbarred court officers, Defendants Jenkins and Winthrop Weinstine on behalf of their clients further frivolously claimed, among other incoherent, incorrect, and irrational matters, that the Plaintiff failed to uphold fiduciary responsibilities by refusing to participate in the administration of unlawful acts that are in known violation of Federal laws, codes and statutes.

4

4. As part of those filings, Defendants Hennepin County-4th District Court, Borer, Jenkins, and Winthrop Weinstine scheduled a public hearing for October 12, 2016 listing Plaintiff's living Mother as "DECEDENT"(#-27-TR-CV-16-89 Doc.ID#5).

5. In early September 2016, upon knowledge of the defaming court claims that Plaintiff's Mother was dead, Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group were contacted by the Plaintiff and other concerned parties demanding that the public record be corrected to reflect the fact that Plaintiff's Mother was alive.

6. Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and attorneys of record Inrelex Law Group refused to make any corrections to court records listing Plaintiff's Mother as "DECENDENT" and willfully proceeded to libelously publish a death notice hearing thru Defendant's Finance & Commerce nationally accessed publications on September 13, 2016(#-27-TR-CV-16-89 Doc.ID#7).

7. Due the outlined incompetence, malfeasance, defamation, libel, and civil rights violations, on October 11, 2016 Plaintiff jurisdictionally removed any further actions to the USDC and was unlawfully induced by Defendants Hennepin County-4th District Court, Borer and their representative agents to pay an interstate transaction fee of $324 for the Federal removal. Plaintiff was then provided court docketing records from Defendants Hennepin County-4th District Court, and Borer cancelling any hearings and closing the case due to the Removal to Federal Court.

8. Upon receipt of this information, Defendants Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group proceeded to further obstruct due process justice by contacting Defendant Sletten to prevent the accurate timely docketing of the Removal to Federal Court Notice USDC filings thereby requiring Injunctive Relief.

9. Defendant Sletten, as whistleblower retribution for Plaintiff's public exposure of local public corruption and unlawful docket filings alterations involving lead Defendant Hennepin County(USDC MN 15-CV-02671-Document#128), then conspired and colluded with Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group to deny Plaintiff Constitutional due process civil right protections to equally access Federal Courts for relief and restitution from Federal Court officers.

10. Plaintiff has been subsequently informed by Defendant Sletten's staff that due to the confusion between several other USDC-MN cases and the USDC-FL case involving the

Plaintiff, the removal documents filed were erroneously transferred and/or placed on hold pending clarification from the appropriate Federal Court of jurisdiction. Plaintiff had previously been granted Electronic Court Filing(ECF) access in the local USDC cases in question yet was never provided any ECF correspondence or notices regarding transfer/clarification issues from Defendant Sletten, as clerk of this Court, due to the obstructions of justice caused by Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group in violation of the Constitution of the United States of America and Federal Rules of Civil Procedure.

11. Despite the docketed Removal Notice, Affidavit of Service Filing(#-27-TR-CV-16-89 Doc.ID#15) and case closing notice provided by the Plaintiff to Defendants Hennepin County-4th District Court; Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group on December 5th, 2016 conspired to schedule a hearing in the lower court for January 11, 2017 in an unlawful attempt to deny Plaintiff Federal Court claim jurisdictional due process civil rights justice. These Defendant illegal acts were conducted thru publicly corrupt bribes, quid pro quo kickbacks and professional favors in violation of judicial ethics and Federal law thereby causing damage to Plaintiff's interests thereby requiring Injunctive Relief.

12. Immediately prior to the Removal to Federal Court filings, Plaintiff and patriotic whistleblowers conducted an audit of Defendant Thrifty White Pharmacy statements and bills to Plaintiff's Mother regarding Medicare fraud overcharges and STARK law/Anti-Kickback Act violations. These over billings and other fraudulent property homestead claims were proposed to Plaintiff by Defendants Winthrop Weinstine, Hinds, Inrelex Law Group and their representative agents for signatory approval regarding Federal tax deduction IRS filings made under penalties of perjury. Plaintiff refused to participate in the illegal tax fraud Federal filings and reported this subornation of perjury by Defendants Winthrop Weinstine, Hinds, Inrelex Law Group and their representative agents to appropriate law enforcement authorities. As retribution for not participating in Medicare and tax fraud, Plaintiff was then was sued in Defendant Hennepin County-4th District Court directly violating several Federal whistleblower private citizen protections laws, IRS rules and taxpayer regulations.

13. As declared in the removed case petition and SEC complaint filings, Defendants Hinds and Inrelex Law Group were paid in excess of $25,000 from Plaintiff's Mother to correct issues regarding Plaintiff powers of attorney(POA) provided on behalf of his Mother. Due to unlawful

6

acts as outlined in the SEC complaint, Bank of America(BOA) froze the accounts of Plaintiff's Mothers and have now blamed Hultman, Defendants Hinds and Inrelex Law Group and their representative agents for malpractice, fraud, and negligence as proffered in the statement of claims. The disputed issues of material facts in those claims include forged faxed documents of Plaintiff's signatures regarding doctored POA's and BOA agreements that were transmitted via interstate commerce from Florida to Minnesota.

14. Defendants Hinds and Inrelex Law Group, as the attorney of records for Plaintiff's Mother had fiduciary, ethical and professional obligations to protect the assets of their client. Despite repeated demands from Plaintiff and affected parties, from November 2015 until April 2016 Defendants Hinds and Inrelex Law Group refused to secure the collectibles at the residence of the Plaintiff's Mother. Upon subsequent collection audit by Plaintiff it was discovered several valuable memorabilia pieces appraised in excess of $75,000 were missing from the residence. A local police report was filed on May 26, 2016(Bloomington Incident Number: BP16-004903) and a multi-state theft State Farmers Insurance claim is under current loss/fraud 18 U.S. Code § 2314 investigation.

15. In late November 2015, Plaintiff was induced by Defendants Hinds and Inrelex Law Group to sign a temporary notice of incapacitation so that Plaintiff's Mother could receive 30 day respite care and independent medical evaluation. Since those understandings have not been met, Plaintiff on October 27, 2016, by docketed case filings(Exhibit Attached), informed Defendants Hennepin County-4th District Court and Borer that the incapacitation determination was fraudulently obtained, immediately withdrawn and legally invalid. Defendants Hennepin County-4th District Court and Borer, to date, have refused to acknowledge the fraudulent inducements to cover-up for the malpractice of fellow publicly corrupt court officers Defendants Jenkins, Winthrop Weinstine, Hinds and Inrelex Law Group thereby requiring Injunctive Relief.

16. Since June 30th, 2016 Defendants Jenkins, Winthrop Weinstine, Hinds and Inrelex Law Group and their representative agents have interfered by preventing the release of over $75,000 in entitled donations to Plaintiff's designated IRS approved 501c Florida charitable organizations developing stem cells treatments and cures for elderly American citizens.

17. On January 4, 2017 pursuant to USDC-MN Local Rule 7.1 Injunctive Relief requirements, Plaintiff in good faith conferred with Defendants Jenkins and Winthrop Weinstine to settle outstanding matters in the removed action. As proffered, all affected parties agreed to install

Bremer Financial Services as a professional corporate trustee on behalf the interests of Plaintiff's Mother therein mitigating further damages by Defendants Hinds and Inrelex Law Group.

18. Plaintiff's good faith settlement requests were prevented by Defendants Jenkins and Winthrop Weinstine demands for $55,000 in legal fees recoupable from Plaintiff's Mother and her son who was protecting her personal financial family interests and the laws of the United States of America. The outlandish, abusive, retributive and vexatious legal fees claims being demanded are for the filing of a single pre-hearing petition, with no discovery expenses or depositions costs, or additional disbursements incurred.

## STATEMENT OF CLAIMS

Pursuant to FRCP Injunctive Relief Rule 65 & Rule 12(b)(6)-statement of claims upon which relief may be sought and granted; Plaintiff herein incorporates the above pleadings, all public filings from the referenced SEC complaint, related underlying Hennepin County-4th District Court removed action records, and any referenced USDC case documents regarding claims upon which Constitutional relief is herein sought and Federal punitive restitutions are required to be specifically determined against each Defendant party, their beneficiary relations and representative agents as such:

## COUNT I-NEGLIGENCE

• Defendant Thrifty White Pharmacy negligently overcharged Plaintiff's Mother and United States taxpayer subsidized Medicare drug programs in violation of Federal law, codes and regulations causing monetary damages.

• Defendant Commerce & Finance negligently published a national death notice for Plaintiff's living Mother causing reputation and monetary damages.

• Defendant Sletten negligently failed to properly docket Plaintiff's removal records and filings as required under public mandates, US Code and the Federal Rules of Civil Procedure causing procedural monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents negligently allowed the publishing of a national death notice for Plaintiff's living Mother causing reputation and monetary damages.

## COUNT II-FRAUD

• Defendant Thrifty White Pharmacy fraudulently overcharged Plaintiff's Mother and United States taxpayer subsidized Medicare drug programs in violation of Federal law, codes and regulations causing monetary and reputation damages.

• Defendant Commerce & Finance nationally published a fraudulent death notice for Plaintiff's living Mother causing monetary and reputation damages.

• Defendant Sletten committed contemptuous fraud upon against the Plaintiff, this Court and United States taxpayers by failing to properly docket removal records as publicly mandated by U.S. Code and required under the Federal Rules of Civil Procedure causing reputations and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents committed contemptuous fraud upon against the Plaintiff, this venue and United States taxpayers by obstructing proper docket removal filings governed by U.S. Codes and Federal Rules of Civil Procedure causing reputation and monetary damages.

## COUNT III-UNJUST ENRICHMENT

• Defendant Thrifty White Pharmacy was unjustly enriched by overcharging Plaintiff's Mother and United States taxpayer subsidized Medicare drug programs in violation of Federal law, codes and regulations causing monetary and reputation damages.

• Defendant Commerce & Finance were unjustly enriched for publishing an erroneous national death notice for Plaintiff's living Mother causing monetary and reputation damages.

• Defendants Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group were unjustly enriched from Plaintiff's Mother for conducting unethical fraud, obstructing of due process justice and committing contemptuous Court violations of Federal laws and FRCP requirements causing monetary and reputation damages.

## COUNT IV-DEFAMATION

• Defendant Commerce & Finance defamed Plaintiff's family name by publishing an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents defamed Plaintiff's family name by

filing, docketing and/or allowing the publication an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

## COUNT V-LIBEL

• Defendant Commerce & Finance libeled Plaintiff's family name by publishing an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents libeled Plaintiff's family name by causing and/or allowing the publication an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

## COUNT VI-COLLUSION

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents colluded to deny Plaintiff Constitutionally protected civil due process rights to equally access United States District Courts seeking relief for violations and damages under Federal jurisdiction causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds, Inrelex Law Group and Commerce & Finance colluded cause reputation and monetary damages by publish an erroneous national death notice for Plaintiff's living Mother as retribution for Plaintiff's previous whistleblower cooperation with Federal law enforcement that led to felony convictions of their fellow publicly corrupt employees and the disbarment of their fellow court officers.

## COUNT VII-INDUCEMENT

• Defendants Hinds and Inrelex Law Group illicitly induced Plaintiff to sign a temporary notice of incapacitation of which the subsequent withdrawal was not legally acknowledged by Defendants Hennepin County-4th District Court, Borer, Jenkins and Winthrop Weinstine who claimed the Plaintiff's living Mother was a "DECEDENT" thereby causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer and their representative agents unlawfully induced Plaintiff to pay an unnecessary interstate transaction fee of $324 for

jurisdictionally removing a local underlying case to Federal court causing reputation and monetary damages.

## COUNT VIII-TORTIOUS INTERFERENCE

• Defendants Jenkins, Winthrop Weinstine, Hinds and Inrelex Law Group and their representative agents have tortuously interfered with donations and support to Plaintiff's designated IRS approved 501c charitable organizations that are developing stem cells treatments and cures for elderly American citizens causing reputation and monetary damages.

## COUNT IX-MALPRACTICE

• Defendants Borer, Jenkins, Sletten, Winthrop Weinstine, Hinds and Inrelex Law Group, as publicly licensed attorneys and/or officers of the court, have committed gross malpractice against the interests of the Plaintiff and taxpayers of the United States of America causing monetary damages and unpatriotic treasonous sedition upon the Constitution.

## COUNT X-RETRIBUTION

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents have committed various outlined retributive acts against the Plaintiff and Plaintiff's associates causing monetary harm, reputation injury and professional damages.

## REQUEST FOR INJUNCTIVE RELIEF

- A declaratory and permanent jurisdictional injunction against Defendants Hennepin County-4th District Court and Borer from conducting any proceedings regarding Plaintiff's living Mother until the Federal matters in this action until they fully adjudicated by due process public hearing and trial by a Jury of United States citizen taxpayers.

- A declaratory and permanent injunction removing named Defendants Hinds and Inrelex Law Group as the attorneys of record for Plaintiff's Mother due to causes outlined in this action and as material fact witnesses with personal liability conflicts of interests.

- A declaratory and permanent injunction against third parties from preventing Plaintiff's Mother a dignified civil human rights say in her personal affairs and health care.

- A declaratory and permanent injunction preventing Defendant Sletten and his representative agents from further altering any Plaintiff USDC Federal public filings.

- A requirement that the removed case files be wholly transmitted(with required redactions) to this action by Defendants Hennepin Count-4th District Court and Sletten so that complete and meritorious pleadings can be made by all parties based upon a full public record.

## REQUEST FOR DAMAGE RELIEF

Plaintiff requests actual damage relief from each Defendant party in excess of $75,000 as to be determined and awarded by a Jury of United States citizen taxpayers. Plaintiff further requests the release and transmittal of all pending donations to Plaintiff's designated IRS approved 501c charitable organizations developing stem cells treatments and cures for elderly American citizens.

## REQUEST FOR PUNITIVE RELIEF

Plaintiff requests punitive damage relief from each Defendant party in in excess of $75,000 as to be determined and awarded by a Jury of United States citizen taxpayers. Further Plaintiff requests the disbarment of publicly licensed attorneys Borer, Jenkins, and Hinds for fraudulent unlawful acts outlined in this case.

## REQUEST FOR COSTS & DISBURSEMENTS

Plaintiff requests reasonable reimbursements for legal costs, fees, disbursements, and travel expenses outlaid to protect Plaintiff's private civil rights and personal interests as outlined herein. Plaintiff further requests that a Jury of United States citizen taxpayers determines the taxation of said expenses upon responsible beneficiaries and Defendant officers of this Court.

Plaintiff herein requests Whistleblower Act protections and reserves all rights to amend these pleadings pursuant to the Federal Rules of Civil Procedure based upon new information from Federal regulating law enforcement authorities.

Submitted & Filed January 9th, 2017

*[signature]*

John Westley-Plaintiff
P.O. Box 346 Panama City, FL 32402

12