IN THE FOURTH DISTRICT COURT
OF THE STATE OF MINNESOTA
FOR THE COUNTY OF HENNEPIN

RECEIVED
JAN 10 2017
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

NANCY HULTMAN
KATHLEEN OLSEN
Petitioners/Plaintiffs,

vs.

Court File Case #-27-TR-CV-16-89

JOHN WESTLEY
Respondent/Defendant
_____)

## Notice of Removal to United States District Court

Respondent/Defendant John Westley in direct support of his Federal Removal Notice to this lower court and all affected parties hereby states the following:

1. By the filing of this Removal Notice with the Clerk of this state lower court, together with the attached and corresponding notice for removal that was filed in United States District Court, these state district proceedings are now REMOVED, by automatic operation of presiding Federal Law, and the Respondent/Defendant now formally notifies this lower court and all parties of that factual legal reality.

2. Pursuant to the express and specific language of 28 U.S.C. 1441, et seq. immediately upon the filing of this Notice, with the lower court Clerk, this case was instantly removed; The removal of jurisdiction from this lower court is automatic by operation of presiding Federal Law, and does not require any additional written order from the lower court District Judge to cause this removal to become "effective" – the removal is an automatic judicial event, and immediate by operation of standing United States law.

3. The United States Supreme Court clarified and established in 1966: "The petition is now filed in the first instance in the federal court. After notice is given to all adverse parties and a copy of the petition is filed with the state court, removal is effected and state court proceedings cease unless the case is remanded(28 U. S. C. § 1446 (1964 ed.). See, American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Tentative Draft No. 4, p. 153 et seq. (April 25, 1966)." Georgia v. Rachel, 384 U.S. 780, 809 n27, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966).

SCANNED
JAN 10 2017
U.S. DISTRICT COURT ST PAUL

4. Because this cause is now removed, this lower court is without jurisdiction to effect any hearing or judgment in these proceedings (28 U.S.C. § 1446(c)(3)).

5. The notice of removal to the United States District Court is attached hereto as required by the express language under the Federal Courts Jurisdiction and Venue Clarification Act.

6. Higher Court jurisdiction is further required due to the unprofessional incompetence of this lower court which libelously listed Respondent/Defendant's living Mother as a "Decedent" on the Notice of Hearing which was then ordered, by publicly corrupt unethical Fourth District court officers, to be published in Hennepin County legal notice distributions.

7. Despite multiple requests to correct defaming public records and to prevent death notice publications, Respondent/Defendant's living Mother attorneys and material fact witnesses in this action, E. Burke Hinds & Inrelex Law, have refused to protect their client's welfare.

**WHEREFORE**, the undersigned Respondent/Defendant John Westley notifies this lower court and all other interested parties that this cause is now removed, that this venue now has absolutely no jurisdiction or proceeding standing for any judgment in this civil action, bar none, unless and until the United States District Court may or may not remand, and further moves for all other relief that is just and proper for due process timely justice and relief in the higher court premises.

Submitted & Filed October 11th, 2016

_____
John Westley Respondent/Defendant
P.O. Box 346
Panama City FL 32402

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and complete copy of the foregoing notice of removal to Federal Court, with required attachment, by United States Postal Service mailing, has been duly served upon the following Petitioner/Plaintiff attorney:

Justin H. Jenkins (MN #0392625)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402

_____
John Westley-Respondent/Defendant
P.O. Box 346
Panama City FL 32402

IN THE UNITED STATES DISTRICT COURT
FOR MINNESOTA

NANCY HULTMAN
KATHLEEN OLSEN
Petitioners/Plaintiffs,

vs.                                                          Lower Court File Case #-27-TR-CV-16-89

JOHN WESTLEY
Respondent/Defendant
_____ )

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Respondent/Defendant John Westley hereby denies all allegations and removes this action from the Hennepin County Minnesota Fourth District Court to the United States District Court for Minnesota.

Removal is based on USDC jurisdiction due to disputed federal questions, multiple state diversity grounds, constitutional civil rights issues and precedential Federal Court related cases that appears in the causes of action of the initial pleading filed by Petitioners/Plaintiffs Hultman and Olsen. In support of its notice and grounds for removal, Respondent/Defendant Westley states as follows:

### I. Background

1. This case was originally filed by Petitioners/Plaintiffs in Hennepin County Minnesota Fourth District Court, on August 30th, 2016. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by Respondent/Defendant are attached as exhibits.

2. In their filed pleadings, Petitioners/Plaintiffs allege that Respondent/Defendant has been uncooperative due to communicating and associating with Department of Justice(DOJ) investigators, Security and Exchange Commission(SEC File #005507928) regulators, and the United States Attorney Office(USAGO) regarding reported fraudulent acts by Bank of America(BOA).Merrill Lynch and court officers. According to the Petitioners/Plaintiffs' filings, the Respondent/Defendant Westley's protected civic duty cooperation with Federal law enforcement breached agreements, disrupted, and interfered with unlawful acts that Petitioners/Plaintiffs Hultman and Olsen participated in for personal financial illegal gain.

3. With their filed allegations citing other ongoing USDC civil cases and whistleblower criminal actions involving publically corrupt, convicted felonious governmental employees and disbarred

court officers, Petitioners/Defendants further frivolously claim, among other incoherent, incorrect, and irrational matters, that the Respondent/Defendant failed to uphold fiduciary responsibilities by refusing to participate in the administration of unlawful acts that are in known violation of Federal laws, codes and statutes.

## II. The Notice of Removal is Timely Filed

4. This lawsuit is a civil action within the meaning of the United States Acts of Congress relating to removal of causes.

5. Respondent/Defendant received a copy of the initial pleadings by required process service on September 13th, 2016.

6. The removal of this action to this Court is timely under 28 U.S.C.§ 1446(b) because this Notice of Removal is filed within thirty (30) days after the September 13th 2016 service date.

7. The United States District Court for Minnesota is the proper place to file this original Notice of Removal under 28 U.S.C. § 1441(a) because it is the Federal district court that embraces the place where the original action was filed and is pending.

## III. This Court Has Federal Question Jurisdiction

8. Petitioners/Plaintiffs allege claims against the Respondent/Petitioner governed under the Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA and the Whistleblowers Protection Act. Further, Petitioners/Plaintiffs civil action attempts to deny Respondent/Defendant Constitutional Civil Rights protections of Freedom of Speech and Freedom to Associate with Federal law enforcement. Therefore, federal question jurisdiction exists over Petitioners/Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of stated claims will require adjudication of disputed questions of Federal laws and Constitutionally protected civil rights.

9. To the extent the lower court action alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 due to those claims arising out of the same operative facts as Petitioners/Plaintiffs' claims governed under Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA and the Whistleblowers Protection Act. and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

10. Because Plaintiffs' claims involve the governing laws of the United States, removal of this entire cause of action is appropriately required under 28 U.S.C. § 1441(a)-(c) and the Federal Courts Jurisdiction and Venue Clarification Act.

### IV. Precedential Case Multiple Diversity

11. On July 15th, 2016, well prior to the lower court case filing, Respondent/Defendant filed a civil USDC whistleblower action in the Northern District of Florida (Case # 5:16-CV-206) regarding subject matter banking fraud by BOA involving Petitioner/Plaintiff Olsen's employer Coldwell Banker. As such, this precedential multiple diversity higher court action supersedes any lower court standing regarding disputed causes of action at issue governed by Federal laws, codes, and statutes. Removal is required under separate independent grounds for subject-matter jurisdiction regarding diversity and disputed Federal questions at issue.

### V. Notice of Removal to the Lower Court

12. Concurrently with this Notice of Removal filing, Respondent/Defendant filed a copy of this Notice with the Hennepin County Minnesota Fourth District Court. A copy of the written notice of the Notice of Removal to Federal Court is attached. In accordance with 28 U.S.C. § 1446(d), Respondent/Defendant will give written notice to Petitioners/Plaintiffs by contemporaneously serving this Notice of Removal on their legal representative.

13. If any question arises as to the propriety of the removal of this action, Respondent/Defendant respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. (See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

14. Respondent/Defendant herein reserves all counter claims rights to move to consolidate related Federal actions as required to preserve valuable public court resources.

### VI. Conclusion

For the foregoing reasons, Respondent/Defendant respectfully notices that this civil action is hereby completely removed to the United State District Court, and that the USDC immediately assumes jurisdiction of all proceedings, and that this Court enter such other and further orders as may be necessary to accomplish the stated removal to promote the ends of timely due process justice.

Submitted & Filed October 11th, 2016

_____
John Westley-Respondent/Defendant
P.O. Box 346
Panama City FL 32402

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and complete copy of the foregoing filed removal notice to Federal Court, with required attachment, by United States Postal Service mailing, has been duly served upon the following Petitioner/Plaintiff attorney of record:

Justin H. Jenkins (MN #0392625)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402

_____
John Westley-Respondent/Defendant
P.O. Box 346
Panama City FL 32402

#15

**State of Minnesota**
Hennepin County

**District Court**
Judicial District: Fourth
Court File Number: 27-TR-CV-16-89
Case Type: Civil Probate

Nancy Hultman/Kathleen Olsen

Petitioner/Plaintiff(s)

vs.

John Westley

Respondent/Defendant(s)

**Removal Notice-Affidavit-Filing Service**

STATE OF MINNESOTA       )
                         ) SS
COUNTY OF  Hennepin      )
(County where Affidavit signed)

This form is only for civil cases within the scope of MN Rules of Civil Procedure.

I am the **Respondent/Defendant** in this matter. I understand that I am under oath/affirmation and that I must tell the truth.

1. On October 11th 2016 I filed and served the Notice of Removal to Federal Court(Doc.ID#13) in the United States District Court of Minnesota.
2. The Clerk of the Federal court personally informed me that the Plaintiffs/Petitioners have the prosecution burden of their case within 30 days under United States codes, practices, and Rules of Civil Procedure.
3. I have not received any notices, correspondence or mailings regarding this removed case from the United States District Court of Minnesota.
4. I mailed a copy of the Notice of Removal and service affidavit to Plaintiffs/Petitioners attorney:

Justin H. Jenkins (MN #0392625) 225 South Sixth Street, Suite 3500 Minneapolis, MN 55402

Dated: October 21, 2016

Signature *(Sign only in front of notary public or court administrator.)*
Name: John Westley

Subscribed and sworn/affirmed before me
by: John Westley
Date: 10/21/2016

Notary Public \ Deputy Court Administrator

Address: P.O. Box 346
City/State/Zip: Panama City FL 32402
Telephone: 305-731-5500

[Notary stamp: JOSHUA STEVEN SALES, NOTARY PUBLIC - MINNESOTA, MY COMMISSION EXPIRES 01/31/2021]

SOP###   District4   ENG   Rev 5/08                                                     Page 1 of 1

Referee George Borer
Hennepin County Government Center
400 Court Tower
300 South Sixth Street
Minneapolis, MN 55487-0340

October 21, 2016

Re: Court File No.: 27-TR-CV-16-89

 I am contacting you as an objector in response to the prohibited, inaccurate, and inappropriate letter sent to you by the attorney for the Petitioners. Enclosed please find an affidavit of service of the Removal Notice to the Federal Court. Note that I have not received any correspondence from United States District Court as mistakenly alleged by Mr. Jenkins.

 This state court case has been closed and this Court has no further jurisdiction or standing under Federal law. Mr. Jenkins improperly filed the action and is simply venue shopping with his current request to cover for his firm's procedural errors. Mr. Jenkins has provided no proof or support for his allegations and is still free to assert his claims to the USDC or state appellate courts seeking the relief he is now requesting.

 With all respect, this Court has no publicly mandated legal authority to unilaterally remand a Federally removed and closed case back to itself. The mistakes committed in this action listing my living Mother as a "Decedent" are shameful, incompetent and immoral. They cannot be compounded further to cover up for sanctionable bad lawyering and disgraceful unethical practices.

Sincerely,

s/John Westley
305-731-5500

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| Hennepin County | Judicial District: Fourth |
| | Court File Number: 27-TR-CV-16-89 |
| | Case Type: Civil Probate |

___Nancy Hultman/Kathleen Olsen___

Petitioner/Plaintiff(s)

**Disputed Incapacitation Determination Notice**

vs.

___John Westley___
Respondent/Defendant(s)

STATE OF MINNESOTA          )
                            ) SS
COUNTY OF ___Hennepin___    )

> Civil case within the scope of MN Rules of Civil Procedure.

I am the **Respondent/Defendant** in this matter.

1. On August 30th 2016 this Court was provided an Incapacitation Determination(Petition-Exhibit 2) that was fraudulently obtained, ineffectual and unlawfully proffered.
2. As previously noticed to this and other court officials, my Mother is not dead and her attorney of record H. Burke Hinds, as the legal custodian of her records, cannot produce complete, accurate and unaltered copies of the records at issue as demanded by the objectors.
3. A portion of these issues have been removed to United States District Courts and are sealed under Federal law enforcement review.
4. With this filing I dispute, rescind, reject and retract any Incapacitation Determinations filed under my name. As such, the Trust in question remains under the control of my living Mother and this closed action is rendered moot.

October 27, 2016

s/John Westley
P.O. Box 346
Panama City FL 32402
Telephone: 305-731-5500