**RECEIVED**

JAN 1 0 2017

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

IN THE UNITED STATES DISTRICT COURT
FOR MINNESOTA

JOHN WESTLEY
            Plaintiff,

vs.

CASE No.-- *17 cv 103 MJD/BRT*
JURY TRIAL DEMANDED
Removed Court File Case #-27-TR-CV-16-89

HENNEPIN COUNTY-4th DISTRICT COURT, et al
GEORGE F. BORER, et al
JUSTIN H. JENKINS, et al
WINTHROP & WEINSTINE, et al
E. BURKE HINDS, et al
INRELEX LAW GROUP, et al
FINANCE & COMMERCE INC., et al
RICHARD D. SLETTON, et al
THRIFTY WHITE PHARMACY, et al
                        Defendants,
_____ )

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

      Plaintiff herein, with private United States citizen standing, files this action seeking trial by Jury and open court hearings for violations of Federal laws and Constitutional protections as a named trustee and beneficiary to the assets and matters at issue in this Complaint and Request for Injunctive Relief. At issue in this action is the immoral unlawful acts perpetrated against Plaintiff's 89 year old Mother's personal assets, private dignity and civil right freedoms by Defendants and their co-conspirators by illegal means in violation of Federal statutes, the laws of nature and standards of human decency.

      Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Respondent(herein known as Plaintiff) John Westley removed this underlying action from the Hennepin County Minnesota Fourth District Court to the United States District Court for Minnesota(#-27-TR-CV-16-89 Doc.ID#13&15-Exhibits Attached).

      Removal was based on USDC jurisdiction due to disputed federal questions, multiple state diversity grounds, Constitutional civil rights issues and precedential Federal Court related cases that appear in the causes of action of the initial pleading filed by Petitioners Hultman and Olsen. As declared in the notice, grounds for removal and previous filings Plaintiff states in this Complaint and Request for Injunctive Relief as follows:

S C A N N E D

JAN 1 0 2017

U.S. DISTRICT COURT ST. PAUL

**PARTIES**

PLAINTIFF:

JOHN WESTLEY
P.O. Box 346
Panama City FL 32402

DEFENDANTS:

HENNEPIN COUNTY-4th DISTRICT COURT, et al
300 South 6th St
Minneapolis, MN 55487

GEORGE F. BORER, et al
300 SOUTH SIXTH STREET C-400
MINNEAPOLIS, MN  554870340

FINANCE & COMMERCE INC., et al
222 South 9th Street-Suite 2300
Minneapolis, MN 55402

THRIFTY WHITE PHARMACY, et al
6055 Nathan Lane N-Suite 200
Plymouth, MN 55442

WINTHROP & WEINSTINE, et al
225 S 6th St.  #3500
Mpls., MN 55402–4629

JUSTIN H. JENKINS, et al
225 S 6th St.  #3500
Mpls. MN 55402–4629

E. BURKE HINDS
708 Cleveland Ave. SW, Suite 103
New Brighton, MN 55112

INRELEX LAW GROUP, et al
708 Cleveland Ave. SW, Suite 103
New Brighton, MN 55112

RICHARD D. SLETTEN, et al
300 S 4th St #600
Minneapolis, MN 55415

## FEDERAL JURISDICTION & VENUE

The removed underlying action alleges claims against the Plaintiff that are governed under the Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA, STARK law, Medicare Act, Anti-Kickback Act and the Whistleblowers Protection Act. Defendant's actions attempted to deny Plaintiff Constitutional Civil Rights due process protections and Freedoms of Speech and Freedoms to Associate with Federal law enforcement. Therefore, federal question jurisdiction exists over Plaintiff's claims and relief requests under 28 U.S.C. § 1331 because the resolution of stated claims will require adjudication of disputed questions of Federal laws and Constitutionally protected civil rights.

To the extent the lower court action alleges statutory, state common law or other non-federal claims, this Court maintains supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 due to those claims arising out of the same operative facts as claims governed under Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA STARK laws, Medicare Act, and Anti KickBack/Whistleblowers Protection Acts and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Since the removal notice filings, Defendants have further colluded and conspired to deny Plaintiff Constitutionally protected due process to access Federal Courts for timely relief and restitution from civil rights violations.

Because Plaintiffs' claims involve the governing laws of the United States, removal of this entire cause of action is appropriately required under 28 U.S.C. § 1441(a)-(c) and the Federal Courts Jurisdiction and Venue Clarification Act.

Irreparable injuries regarding assets and federal claims in question exceed $75,000 which requires determination by a required United States District Court Jury demanded as a matter of Constitutional due process justice civil right.  Venue is proper as the majority of parties and assets in question are based within jurisdiction of this Federal District.

## PRECEDENTIAL MULTI-CASE DIVERSITY

On July 15th, 2016, well prior to the removed court case filing, Plaintiff filed a civil USDC whistleblower action in the Northern District of Florida (Case # 5:16-CV-206) regarding subject matter banking fraud by BOA involving Petitioner Olsen's employer Coldwell Banker.

Plaintiff has previously cooperated with Federal law enforcement against the treasonous ethical acts of officers of this Court regarding public corruption matters involving USDC cases alleged in the underlying petition. As such, this precedential multiple diversity higher court jurisdiction supersedes any lower court standing regarding disputed causes of action at issue governed by Federal laws, codes, and statutes. Removal was required under separate independent grounds for subject-matter jurisdiction regarding diversity and disputed Federal questions at issue.

The publicly corrupt civil rights due process violations of the clerk and officers of this Court regarding the improper docketing of the removal notices are outlined in the Complaint and requests for Injunctive Relief.

## BACKGROUND

1. This removed case was originally filed by in Hennepin County Minnesota Fourth District Court, on August 30th, 2016. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by the Plaintiff were provided to this Court with the Notices of Removal filed on 10/11/16.

2. In their filed pleadings, Petitioners, Defendants Jenkins and Winthrop Weinstine allege that Plaintiff has been uncooperative due to communicating and associating with Department of Justice(DOJ) investigators, Security and Exchange Commission(SEC File #005507928) regulators, the Federal Bureau of Investigation(FBI) and the United States Attorney Office(USAGO) regarding reported fraudulent acts by BOA, Merrill Lynch, Hultman and court officers. According to the Petition filings, Plaintiff's protected civic duty cooperation with Federal law enforcement breached agreements, disrupted, and interfered with unlawful acts that Petitioners conducted for personal financial illicit gain. For the record, the USDC case citations in the petition involved convicted felons as lead defendants and disbarred court officers from Federal criminal actions in which Plaintiff provided whistleblower cooperation as an injured witness.

3. With their filed allegations citing other ongoing USDC civil cases and whistleblower criminal actions involving publically corrupt, convicted felonious governmental employees and disbarred court officers, Defendants Jenkins and Winthrop Weinstine on behalf of their clients further frivolously claimed, among other incoherent, incorrect, and irrational matters, that the Plaintiff failed to uphold fiduciary responsibilities by refusing to participate in the administration of unlawful acts that are in known violation of Federal laws, codes and statutes.

4

4. As part of those filings, Defendants Hennepin County-4th District Court, Borer, Jenkins, and Winthrop Weinstine scheduled a public hearing for October 12, 2016 listing Plaintiff's living Mother as "DECEDENT"(#-27-TR-CV-16-89 Doc.ID#5).

5. In early September 2016, upon knowledge of the defaming court claims that Plaintiff's Mother was dead, Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group were contacted by the Plaintiff and other concerned parties demanding that the public record be corrected to reflect the fact that Plaintiff's Mother was alive.

6. Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and attorneys of record Inrelex Law Group refused to make any corrections to court records listing Plaintiff's Mother as "DECENDENT" and willfully proceeded to libelously publish a death notice hearing thru Defendant's Finance & Commerce nationally accessed publications on September 13, 2016(#-27-TR-CV-16-89 Doc.ID#7).

7. Due the outlined incompetence, malfeasance, defamation, libel, and civil rights violations, on October 11, 2016 Plaintiff jurisdictionally removed any further actions to the USDC and was unlawfully induced by Defendants Hennepin County-4th District Court, Borer and their representative agents to pay an interstate transaction fee of $324 for the Federal removal. Plaintiff was then provided court docketing records from Defendants Hennepin County-4th District Court, and Borer cancelling any hearings and closing the case due to the Removal to Federal Court.

8. Upon receipt of this information, Defendants Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group proceeded to further obstruct due process justice by contacting Defendant Sletten to prevent the accurate timely docketing of the Removal to Federal Court Notice USDC filings thereby requiring Injunctive Relief.

9. Defendant Sletten, as whistleblower retribution for Plaintiff's public exposure of local public corruption and unlawful docket filings alterations involving lead Defendant Hennepin County(USDC MN    15-CV-02671-Document#128), then conspired and colluded with Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group to deny Plaintiff Constitutional due process civil right protections to equally access Federal Courts for relief and restitution from  Federal Court officers.

10. Plaintiff has been subsequently informed by Defendant Sletten's staff that due to the confusion between several other USDC-MN cases and the USDC-FL case involving the

Plaintiff, the removal documents filed were erroneously transferred and/or placed on hold pending clarification from the appropriate Federal Court of jurisdiction. Plaintiff had previously been granted Electronic Court Filing(ECF) access in the local USDC cases in question yet was never provided any ECF correspondence or notices regarding transfer/clarification issues from Defendant Sletten, as clerk of this Court, due to the obstructions of justice caused by Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group in violation of the Constitution of the United States of America and Federal Rules of Civil Procedure.

11. Despite the docketed Removal Notice, Affidavit of Service Filing(#-27-TR-CV-16-89 Doc.ID#15) and case closing notice provided by the Plaintiff to  Defendants Hennepin County-4th District Court; Borer, Jenkins, Winthrop Weinstine, Hinds, and Inrelex Law Group on December 5th, 2016 conspired to schedule a hearing in the lower court for January 11, 2017 in an unlawful attempt to deny Plaintiff Federal Court claim jurisdictional due process civil rights justice. These Defendant illegal acts were conducted thru publicly corrupt bribes, quid pro quo kickbacks and professional favors in violation of judicial ethics and Federal law thereby causing damage to Plaintiff's interests thereby requiring Injunctive Relief.

12. Immediately prior to the Removal to Federal Court filings, Plaintiff and patriotic whistleblowers conducted an audit of Defendant Thrifty White Pharmacy statements and bills to Plaintiff's Mother regarding Medicare fraud overcharges and STARK law/Anti-Kickback Act violations. These over billings and other fraudulent property homestead claims were proposed to Plaintiff by Defendants Winthrop Weinstine, Hinds, Inrelex Law Group and their representative agents for signatory approval regarding Federal tax deduction IRS filings made under penalties of perjury. Plaintiff refused to participate in the illegal tax fraud Federal filings and reported this subornation of perjury by Defendants Winthrop Weinstine, Hinds, Inrelex Law Group and their representative agents to appropriate law enforcement authorities. As retribution for not participating in Medicare and tax fraud, Plaintiff was then was sued in Defendant Hennepin County-4th District Court directly violating several Federal whistleblower private citizen protections laws, IRS rules and taxpayer regulations.

13. As declared in the removed case petition and SEC complaint filings, Defendants Hinds and Inrelex Law Group were paid in excess of $25,000 from Plaintiff's Mother to correct issues regarding Plaintiff powers of attorney(POA) provided on behalf of his Mother. Due to unlawful

acts as outlined in the SEC complaint, Bank of America(BOA) froze the accounts of Plaintiff's Mothers and have now blamed Hultman, Defendants Hinds and Inrelex Law Group and their representative agents for malpractice, fraud, and negligence as proffered in the statement of claims. The disputed issues of material facts in those claims include forged faxed documents of Plaintiff's signatures regarding doctored POA's and BOA agreements that were transmitted via interstate commerce from Florida to Minnesota.

14. Defendants Hinds and Inrelex Law Group, as the attorney of records for Plaintiff's Mother had fiduciary, ethical and professional obligations to protect the assets of their client.  Despite repeated demands from Plaintiff and affected parties, from November 2015 until April 2016 Defendants Hinds and Inrelex Law Group refused to secure the collectibles at the residence of the Plaintiff's Mother. Upon subsequent collection audit by Plaintiff it was discovered several valuable memorabilia pieces appraised in excess of $75,000 were missing from the residence. A local police report was filed on May 26, 2016(Bloomington Incident Number: BP16-004903) and a multi-state theft State Farmers Insurance claim is under current loss/fraud 18 U.S. Code § 2314 investigation.

15. In late November 2015, Plaintiff was induced by Defendants Hinds and Inrelex Law Group to sign a temporary notice of incapacitation so that Plaintiff's Mother could receive 30 day respite care and independent medical evaluation. Since those understandings have not been met, Plaintiff on October 27, 2016, by docketed case filings(Exhibit Attached), informed Defendants Hennepin County-4th District Court and Borer that the incapacitation determination was fraudulently obtained, immediately withdrawn and legally invalid.  Defendants Hennepin County-4th District Court and Borer, to date, have refused to acknowledge the fraudulent inducements to cover-up for the malpractice of fellow publicly corrupt court officers Defendants Jenkins, Winthrop Weinstine, Hinds and Inrelex Law Group thereby requiring Injunctive Relief.

16. Since June 30th, 2016 Defendants Jenkins, Winthrop Weinstine, Hinds and Inrelex Law Group and their representative agents have interfered by preventing the release of over $75,000 in entitled donations to Plaintiff's designated IRS approved 501c Florida charitable organizations developing stem cells treatments and cures for elderly American citizens.

17. On January 4, 2017 pursuant to USDC-MN Local Rule 7.1 Injunctive Relief requirements, Plaintiff in good faith conferred with Defendants Jenkins and Winthrop Weinstine to settle outstanding matters in the removed action.  As proffered, all affected parties agreed to install

Bremer Financial Services as a professional corporate trustee on behalf the interests of Plaintiff's Mother therein mitigating further damages by Defendants Hinds and Inrelex Law Group.

18. Plaintiff's good faith settlement requests were prevented by Defendants Jenkins and Winthrop Weinstine demands for $55,000 in legal fees recoupable from Plaintiff's Mother and her son who was protecting her personal financial family interests and the laws of the United States of America. The outlandish, abusive, retributive and vexatious legal fees claims being demanded are for the filing of a single pre-hearing petition, with no discovery expenses or depositions costs, or additional disbursements incurred.

STATEMENT OF CLAIMS

Pursuant to FRCP Injunctive Relief Rule 65 & Rule 12(b)(6)-statement of claims upon which relief may be sought and granted; Plaintiff herein incorporates the above pleadings, all public filings from the referenced SEC complaint, related underlying Hennepin County-4th District Court removed action records, and any referenced USDC case documents regarding claims upon which Constitutional relief is herein sought and Federal punitive restitutions are required to be specifically determined against each Defendant party, their beneficiary relations and representative agents as such:

COUNT I-NEGLIGENCE

• Defendant Thrifty White Pharmacy negligently overcharged Plaintiff's Mother and United States taxpayer subsidized Medicare drug programs in violation of Federal law, codes and regulations causing monetary damages.

• Defendant Commerce & Finance negligently published a national death notice for Plaintiff's living Mother causing reputation and monetary damages.

• Defendant Sletten negligently failed to properly docket Plaintiff's removal records and filings as required under public mandates, US Code and the Federal Rules of Civil Procedure causing procedural monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents negligently allowed the publishing of a national death notice for Plaintiff's living Mother causing reputation and monetary damages.

8

## COUNT II-FRAUD

• Defendant Thrifty White Pharmacy fraudulently overcharged Plaintiff's Mother and United States taxpayer subsidized Medicare drug programs in violation of Federal law, codes and regulations causing monetary and reputation damages.

• Defendant Commerce & Finance nationally published a fraudulent death notice for Plaintiff's living Mother causing monetary and reputation damages.

• Defendant Sletten committed contemptuous fraud upon against the Plaintiff, this Court and United States taxpayers by failing to properly docket removal records as publicly mandated by U.S. Code and required under the Federal Rules of Civil Procedure causing reputations and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents committed contemptuous fraud upon against the Plaintiff, this venue and United States taxpayers by obstructing proper docket removal filings governed by U.S. Codes and Federal Rules of Civil Procedure causing reputation and monetary damages.

## COUNT III-UNJUST ENRICHMENT

• Defendant Thrifty White Pharmacy was unjustly enriched by overcharging Plaintiff's Mother and United States taxpayer subsidized Medicare drug programs in violation of Federal law, codes and regulations causing monetary and reputation damages.

• Defendant Commerce & Finance were unjustly enriched for publishing an erroneous national death notice for Plaintiff's living Mother causing monetary and reputation damages.

• Defendants Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group were unjustly enriched from Plaintiff's Mother for conducting unethical fraud, obstructing of due process justice and committing contemptuous Court violations of Federal laws and FRCP requirements causing monetary and reputation damages.

## COUNT IV-DEFAMATION

• Defendant Commerce & Finance defamed Plaintiff's family name by publishing an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents defamed Plaintiff's family name by

filing, docketing and/or allowing the publication an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

## COUNT V-LIBEL

• Defendant Commerce & Finance libeled Plaintiff's family name by publishing an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents libeled Plaintiff's family name by causing and/or allowing the publication an erroneous national death notice for Plaintiff's living Mother causing reputation and monetary damages.

## COUNT VI-COLLUSION

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents colluded to deny Plaintiff Constitutionally protected civil due process rights to equally access United States District Courts seeking relief for violations and damages under Federal jurisdiction causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds, Inrelex Law Group and Commerce & Finance colluded cause reputation and monetary damages by publish an erroneous national death notice for Plaintiff's living Mother as retribution for Plaintiff's previous whistleblower cooperation with Federal law enforcement that led to felony convictions of their fellow publicly corrupt employees and the disbarment of their fellow court officers.

## COUNT VII-INDUCEMENT

• Defendants Hinds and Inrelex Law Group illicitly induced Plaintiff to sign a temporary notice of incapacitation of which the subsequent withdrawal was not legally acknowledged by Defendants Hennepin County-4th District Court, Borer, Jenkins and Winthrop Weinstine who claimed the Plaintiff's living Mother was a "DECEDENT" thereby causing reputation and monetary damages.

• Defendants Hennepin County-4th District Court, Borer and their representative agents unlawfully induced Plaintiff to pay an unnecessary interstate transaction fee of $324 for

jurisdictionally removing a local underlying case to Federal court causing reputation and monetary damages.

## COUNT VIII-TORTIOUS INTERFERENCE

• Defendants Jenkins, Winthrop Weinstine, Hinds and Inrelex Law Group and their representative agents have tortuously interfered with donations and support to Plaintiff's designated IRS approved 501c charitable organizations that are developing stem cells treatments and cures for elderly American citizens causing reputation and monetary damages.

## COUNT IX-MALPRACTICE

• Defendants Borer, Jenkins, Sletten, Winthrop Weinstine, Hinds and Inrelex Law Group, as publicly licensed attorneys and/or officers of the court, have committed gross malpractice against the interests of the Plaintiff and taxpayers of the United States of America causing monetary damages and unpatriotic treasonous sedition upon the Constitution.

## COUNT X-RETRIBUTION

• Defendants Hennepin County-4th District Court, Borer, Jenkins, Winthrop Weinstine, Sletten, Hinds and Inrelex Law Group and their representative agents have committed various outlined retributive acts against the Plaintiff and Plaintiff's associates causing monetary harm, reputation injury and professional damages.

## REQUEST FOR INJUNCTIVE RELIEF

- A declaratory and permanent jurisdictional injunction against Defendants Hennepin County-4th District Court and Borer from conducting any proceedings regarding Plaintiff's living Mother until the Federal matters in this action until they fully adjudicated by due process public hearing and trial by a Jury of United States citizen taxpayers.

- A declaratory and permanent injunction removing named Defendants Hinds and Inrelex Law Group as the attorneys of record for Plaintiff's Mother due to causes outlined in this action and as material fact witnesses with personal liability conflicts of interests.

- A declaratory and permanent injunction against third parties from preventing Plaintiff's Mother a dignified civil human rights say in her personal affairs and health care.

- A declaratory and permanent injunction preventing Defendant Sletten and his representative agents from further altering any Plaintiff USDC Federal public filings.

- A requirement that the removed case files be wholly transmitted(with required redactions) to this action by Defendants Hennepin Count-4[th] District Court and Sletten so that complete and meritorious pleadings can be made by all parties based upon a full public record.

## REQUEST FOR DAMAGE RELIEF

Plaintiff requests actual damage relief from each Defendant party in excess of $75,000 as to be determined and awarded by a Jury of United States citizen taxpayers. Plaintiff further requests the release and transmittal of all pending donations to Plaintiff's designated IRS approved 501c charitable organizations developing stem cells treatments and cures for elderly American citizens.

## REQUEST FOR PUNITIVE RELIEF

Plaintiff requests punitive damage relief from each Defendant party in in excess of $75,000 as to be determined and awarded by a Jury of United States citizen taxpayers. Further Plaintiff requests the disbarment of publicly licensed attorneys Borer, Jenkins, and Hinds for fraudulent unlawful acts outlined in this case.

## REQUEST FOR COSTS & DISBURSEMENTS

Plaintiff requests reasonable reimbursements for legal costs, fees, disbursements, and travel expenses outlaid to protect Plaintiff's private civil rights and personal interests as outlined herein. Plaintiff further requests that a Jury of United States citizen taxpayers determines the taxation of said expenses upon responsible beneficiaries and Defendant officers of this Court.

Plaintiff herein requests Whistleblower Act protections and reserves all rights to amend these pleadings pursuant to the Federal Rules of Civil Procedure based upon new information from Federal regulating law enforcement authorities.

Submitted & Filed January 9th, 2017

John Westley-Plaintiff
P.O. Box 346 Panama City FL 32402

12

JS 44 (Rev. 08/16)        *17-103 MJD/BRT*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN WESTLEY

**DEFENDANTS**
HENNEPIN COUNTY-4th DISTRICT COURT, et al GEORGE F. BORER, et al
JUSTIN H. JENKINS, et al WINTHROP & WEINSTINE, et al
E. BURKE HINDS, et al INRELEX LAW GROUP, et al FINANCE &
COMMERCE INC.. et al

**(b)** County of Residence of First Listed Plaintiff    BAY
       *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hennepin
       *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

**(c)** ~~Attorneys~~ *(Firm Name, Address, and Telephone Number)*
P.O. Box 346
Panama City FL 32402

Attorneys *(If Known)*

# RECEIVED
## JAN 10 2017
### CLERK, U.S. DISTRICT COURT
### ST. PAUL MINNESOTA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☒ 3   Federal Question
     *(U.S. Government Not a Party)*

☒ 2   U.S. Government
     Defendant

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☒ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☒ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
US Constitution Civil Rights, Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA, STARK law,
Medicare Act, Anti-Kickback Act and the Whistleblowers Protection Act-28 U.S.C. §§ 1331, 1367, 1441, 1446

Brief description of cause:
Civil Rights and Federal laws violations as retribution for public corruption whistleblowing & fraud exposure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,700,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Gary Jones

DOCKET NUMBER   USDC:5:16-cv-206

*S C A N N E D*

DATE
1/10/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

*U.S. DISTRICT COURT ST. PAUL*

IN THE FOURTH DISTRICT COURT
OF THE STATE OF MINNESOTA
FOR THE COUNTY OF HENNEPIN

**RECEIVED**

JAN 10 2017

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

NANCY HULTMAN
KATHLEEN OLSEN
Petitioners/Plaintiffs,

vs.

Court File Case #-27-TR-CV-16-89

JOHN WESTLEY
Respondent/Defendant

_____ )

## Notice of Removal to United States District Court

Respondent/Defendant John Westley in direct support of his Federal Removal Notice to this lower court and all affected parties hereby states the following:

1. By the filing of this Removal Notice with the Clerk of this state lower court, together with the attached and corresponding notice for removal that was filed in United States District Court, these state district proceedings are now REMOVED, by automatic operation of presiding Federal Law, and the Respondent/Defendant now formally notifies this lower court and all parties of that factual legal reality.

2. Pursuant to the express and specific language of 28 U.S.C. 1441, et seq. immediately upon the filing of this Notice, with the lower court Clerk, this case was instantly removed; The removal of jurisdiction from this lower court is automatic by operation of presiding Federal Law, and does not require any additional written order from the lower court District Judge to cause this removal to become "effective" – the removal is an automatic judicial event, and immediate by operation of standing United States law.

3. The United States Supreme Court clarified and established in 1966: "The petition is now filed in the first instance in the federal court. After notice is given to all adverse parties and a copy of the petition is filed with the state court, removal is effected and state court proceedings cease unless the case is remanded(28 U. S. C. § 1446 (1964 ed.). See, American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Tentative Draft No. 4, p. 153 et seq. (April 25, 1966)." Georgia v. Rachel, 384 U.S. 780, 809 n27, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966).

S C A N N E D

JAN 1 0 2017

U.S. DISTRICT COURT ST. PAU.

4. Because this cause is now removed, this lower court is without jurisdiction to effect any hearing or judgment in these proceedings (28 U.S.C. § 1446(c)(3)).

5. The notice of removal to the United States District Court is attached hereto as required by the express language under the Federal Courts Jurisdiction and Venue Clarification Act.

6. Higher Court jurisdiction is further required due to the unprofessional incompetence of this lower court which libelously listed Respondent/Defendant's living Mother as a "Decedent" on the Notice of Hearing which was then ordered, by publicly corrupt unethical Fourth District court officers, to be published in Hennepin County legal notice distributions.

7. Despite multiple requests to correct defaming public records and to prevent death notice publications, Respondent/Defendant's living Mother attorneys and material fact witnesses in this action, E. Burke Hinds & Inrelex Law, have refused to protect their client's welfare.

**WHEREFORE**, the undersigned Respondent/Defendant John Westley notifies this lower court and all other interested parties that this cause is now removed, that this venue now has absolutely no jurisdiction or proceeding standing for any judgment in this civil action, bar none, unless and until the United States District Court may or may not remand, and further moves for all other relief that is just and proper for due process timely justice and relief in the higher court premises.

Submitted & Filed October 11th, 2016

John Westley Respondent/Defendant
P.O. Box 346
Panama City FL 32402

### CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and complete copy of the foregoing notice of removal to Federal Court, with required attachment, by United States Postal Service mailing, has been duly served upon the following Petitioner/Plaintiff attorney:

Justin H. Jenkins (MN #0392625)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402

John Westley-Respondent/Defendant
P.O. Box 346
Panama City FL 32402

IN THE UNITED STATES DISTRICT COURT
FOR MINNESOTA

NANCY HULTMAN
KATHLEEN OLSEN
Petitioners/Plaintiffs,

vs.                                                    Lower Court File Case #-27-TR-CV-16-89

JOHN WESTLEY
Respondent/Defendant
_____ )

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Respondent/Defendant John Westley hereby denies all allegations and removes this action from the Hennepin County Minnesota Fourth District Court to the United States District Court for Minnesota.

Removal is based on USDC jurisdiction due to disputed federal questions, multiple state diversity grounds, constitutional civil rights issues and precedential Federal Court related cases that appears in the causes of action of the initial pleading filed by Petitioners/Plaintiffs Hultman and Olsen. In support of its notice and grounds for removal, Respondent/Defendant Westley states as follows:

### I. Background

1. This case was originally filed by Petitioners/Plaintiffs in Hennepin County Minnesota Fourth District Court, on August 30th, 2016. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders received by Respondent/Defendant are attached as exhibits.

2. In their filed pleadings, Petitioners/Plaintiffs allege that Respondent/Defendant has been uncooperative due to communicating and associating with Department of Justice(DOJ) investigators, Security and Exchange Commission(SEC File #005507928) regulators, and the United States Attorney Office(USAGO) regarding reported fraudulent acts by Bank of America(BOA).Merrill Lynch and court officers. According to the Petitioners/Plaintiffs' filings, the Respondent/Defendant Westley's protected civic duty cooperation with Federal law enforcement breached agreements, disrupted, and interfered with unlawful acts that Petitioners/Plaintiffs Hultman and Olsen participated in for personal financial illegal gain.

3. With their filed allegations citing other ongoing USDC civil cases and whistleblower criminal actions involving publically corrupt, convicted felonious governmental employees and disbarred

court officers,  Petitioners/Defendants further frivolously claim, among other incoherent, incorrect, and irrational matters, that the Respondent/Defendant failed to uphold fiduciary responsibilities by refusing to participate in the administration of unlawful acts that are in known violation of Federal laws, codes and statutes.

## II. The Notice of Removal is Timely Filed

4. This lawsuit is a civil action within the meaning of the United States Acts of Congress relating to removal of causes.

5. Respondent/Defendant received a copy of the initial pleadings by required process service on September 13th, 2016.

6. The removal of this action to this Court is timely under 28 U.S.C.§ 1446(b) because this Notice of Removal is filed within thirty (30) days after the September 13th 2016  service date.

7. The United States District Court for Minnesota is the proper place to file this original Notice of Removal under 28 U.S.C. § 1441(a) because it is the Federal district court that embraces the place where the original action was filed and is pending.

## III. This Court Has Federal Question Jurisdiction

8. Petitioners/Plaintiffs allege claims against the Respondent/Petitioner governed under the Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA and the Whistleblowers Protection Act.  Further, Petitioners/Plaintiffs civil action attempts to deny Respondent/Defendant Constitutional Civil Rights protections of Freedom of Speech and Freedom to Associate with Federal law enforcement. Therefore, federal question jurisdiction exists over Petitioners/Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of stated claims will require adjudication of disputed questions of Federal laws and Constitutionally protected civil rights.

9. To the extent the lower court action alleges statutory, state common law or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 due to those claims arising out of the same operative facts as Petitioners/Plaintiffs' claims governed under Federal Securities Exchange Act, Investment Advisors Act, Consumer Protection Act, RESPA and the Whistleblowers Protection Act. and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

10. Because Plaintiffs' claims involve the governing laws of the United States, removal of this entire cause of action is appropriately required under 28 U.S.C. § 1441(a)-(c) and the Federal Courts Jurisdiction and Venue Clarification Act.

### IV. Precedential Case Multiple Diversity

11. On July 15th, 2016, well prior to the lower court case filing, Respondent/Defendant filed a civil USDC whistleblower action in the Northern District of Florida (Case # 5:16-CV-206) regarding subject matter banking fraud by BOA involving Petitioner/Plaintiff Olsen's employer Coldwell Banker. As such, this precedential multiple diversity higher court action supersedes any lower court standing regarding disputed causes of action at issue governed by Federal laws, codes, and statutes. Removal is required under separate independent grounds for subject-matter jurisdiction regarding diversity and disputed Federal questions at issue.

### V. Notice of Removal to the Lower Court

12. Concurrently with this Notice of Removal filing, Respondent/Defendant filed a copy of this Notice with the Hennepin County Minnesota Fourth District Court. A copy of the written notice of the Notice of Removal to Federal Court is attached. In accordance with 28 U.S.C. § 1446(d), Respondent/Defendant will give written notice to Petitioners/Plaintiffs by contemporaneously serving this Notice of Removal on their legal representative.

13. If any question arises as to the propriety of the removal of this action, Respondent/Defendant respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. (See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

14. Respondent/Defendant herein reserves all counter claims rights to move to consolidate related Federal actions as required to preserve valuable public court resources.

### VI. Conclusion

For the foregoing reasons, Respondent/Defendant respectfully notices that this civil action is hereby completely removed to the United State District Court, and that the USDC immediately assumes jurisdiction of all proceedings, and that this Court enter such other and further orders as may be necessary to accomplish the stated removal to promote the ends of timely due process justice.

Submitted & Filed October 11th, 2016

John Westley-Respondent/Defendant
P.O. Box 346
Panama City FL 32402

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and complete copy of the foregoing filed removal notice to Federal Court, with required attachment, by United States Postal Service mailing, has been duly served upon the following Petitioner/Plaintiff attorney of record:

Justin H. Jenkins (MN #0392625)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402

John Westley-Respondent/Defendant
P.O. Box 346
Panama City FL 32402

#15

## State of Minnesota

Hennepin County

| | **District Court** |
|---|---|
| Judicial District: | Fourth |
| Court File Number: | 27-TR-CV-16-89 |
| Case Type: | Civil Probate |

Nancy Hultman/Kathleen Olsen

Petitioner/Plaintiff(s)

**Removal Notice-Affidavit-Filing Service**

vs.

John Westley

Respondent/Defendant(s)

STATE OF MINNESOTA        )
                          ) SS
COUNTY OF ___Hennepin___  )
        (County where Affidavit signed)

| This form is only for civil cases within the scope of MN Rules of Civil Procedure. |
|---|

I am the **Respondent/Defendant** in this matter. I understand that I am under oath/affirmation and that I must tell the truth.

1. On October 11ᵗʰ 2016 I filed and served the Notice of Removal to Federal Court(Doc.ID#13) in the United States District Court of Minnesota.
2. The Clerk of the Federal court personally informed me that the Plaintiffs/Petitioners have the prosecution burden of their case within 30 days under United States codes, practices, and Rules of Civil Procedure.
3. I have not received any notices, correspondence or mailings regarding this removed case from the United States District Court of Minnesota.
4. I mailed a copy of the Notice of Removal and service affidavit to Plaintiffs/Petitioners attorney:

Justin H. Jenkins (MN #0392625) 225 South Sixth Street, Suite 3500 Minneapolis, MN 55402

Dated: October 21, 2016

Signature *(Sign only in front of notary public or court administrator.)*

Name: John Westley

Subscribed and sworn/affirmed before me

by: John Westley

Date: 10/21/2016

Notary Public \ Deputy Court Administrator

Address: P.O. Box 346

City/State/Zip: Panama City FL 32402

Telephone: 305-731-5500

JOSHUA STEVEN SALSEG
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021

Referee George Borer                                    October 21, 2016
Hennepin County Government Center
400 Court Tower
300 South Sixth Street
Minneapolis, MN 55487-0340

Re: Court File No.: 27-TR-CV-16-89

I am contacting you as an objector in response to the prohibited, inaccurate, and inappropriate letter sent to you by the attorney for the Petitioners. Enclosed please find an affidavit of service of the Removal Notice to the Federal Court. Note that I have not received any correspondence from United States District Court as mistakenly alleged by Mr. Jenkins.

This state court case has been closed and this Court has no further jurisdiction or standing under Federal law. Mr. Jenkins improperly filed the action and is simply venue shopping with his current request to cover for his firm's procedural errors. Mr. Jenkins has provided no proof or support for his allegations and is still free to assert his claims to the USDC or state appellate courts seeking the relief he is now requesting.

With all respect, this Court has no publicly mandated legal authority to unilaterally remand a Federally removed and closed case back to itself. The mistakes committed in this action listing my living Mother as a "Decedent" are shameful, incompetent and immoral. They cannot be compounded further to cover up for sanctionable bad lawyering and disgraceful unethical practices.

Sincerely,

s/John Westley
305-731-5500

**State of Minnesota**                                          **District Court**

| Hennepin County | | Judicial District: | Fourth |
| | | Court File Number: | 27-TR-CV-16-89 |
| | | Case Type: | **Civil Probate** |

_____ Nancy Hultman/Kathleen Olsen _____

Petitioner/Plaintiff(s)

                                                    **Disputed Incapacitation**
                                                    **Determination Notice**

**vs.**

_____ John Westley _____

Respondent/Defendant(s)

STATE OF MINNESOTA                    )
                                       ) SS
COUNTY OF _____ Hennepin _____    )

| Civil case within the scope of MN Rules of Civil Procedure. |
| --- |

I am the **Respondent/Defendant** in this matter.

1. **On August 30ᵗʰ 2016 this Court was provided an Incapacitation Determination(Petition-Exhibit 2) that was fraudulently obtained, ineffectual and unlawfully proffered.**

2. **As previously noticed to this and other court officials, my Mother is not dead and her attorney of record H. Burke Hinds, as the legal custodian of her records, cannot produce complete, accurate and unaltered copies of the records at issue as demanded by the objectors.**

3. **A portion of these issues have been removed to United States District Courts and are sealed under Federal law enforcement review.**

4. **With this filing I dispute, rescind, reject and retract any Incapacitation Determinations filed under my name. As such, the Trust in question remains under the control of my living Mother and this closed action is rendered moot.**

October 27, 2016

                                        s/John Westley
                                        P.O. Box 346
                                        Panama City FL 32402
                                 Telephone:  305-731-5500

_____

CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing filed Federal Court Complaint & Injunctive Relief Requests, with required attachments, has been duly served via Minnesota Judicial Branch Odyssey Electronic Filing systems upon:

DEFENDANT HENNEPIN COUNTY-4th DISTRICT COURT, et al

DEFENDANT GEORGE F. BORER, et al

DEFENDANT JUSTIN H. JENKINS, et al

DEFENDANT WINTHROP & WEINSTINE, et al

John Westley-PLAINTIFF
P.O. Box 346
Panama City FL 32402

S C A N N E D

JAN 1 0 2017

U.S. DISTRICT COURT ST. PAUL